**Yetti LIONG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–5500–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 27, 2006.

Charles Christophe, New York, New York, for Petitioners.

Edward E. McNally, United States Attorney for the Southern District of Illinois, Jennifer Hudson, Assistant United States Attorney, Fairview Heights, Illinois, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yetti Liong ("Liong"), a native and citizen of Indonesia, petitions for review of the September 27, 2004 final order of the BIA adopting and affirming a decision of an immigration judge ("IJ"), which denied Liong's applications for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews and IJ's factual findings under the substantial evidence standard, under which "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d at 307 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

This Court lacks jurisdiction to review the IJ's determination that Liong's asylum application was precluded by the one-year filing bar created by 8 U.S.C. § 1158(a)(2)(B), or his finding that neither changed nor extraordinary circumstances excuse the untimely filing. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 154 (2d Cir.2006). Liong's assertion she will be deprived of due process if these findings are not reviewed does not change this result because Liong points to nothing in the record "suggesting that she was denied a full and fair opportunity to present her claims; nor has she established that the IJ or BIA otherwise deprived her of fundamental fairness." *Id.* at 155.

Substantial evidence supports the IJ's determination that Liong failed to meet her burden on her withholding of removal claim. The IJ noted Liong's statement

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States as respondent in this case.

**90**

that, if she returned to Indonesia, it was "possible" that she would be harmed in finding that she had not met the clear probability standard. The IJ also properly relied on Liong's testimony that she has family living in Indonesia who work and practice Catholicism without reprisal. In addition, the IJ correctly based her conclusion on the 2002 State Department Country Report for Indonesia, which explained that attacks on Christians and Christian churches in Indonesia have become less frequent. The IJ also reasonably concluded that the fact that Liong waited one-and-one-half years before filing her asylum applications undercuts her claim that she fears returning to Indonesia. Finally, because Liong waived her CAT claim before the IJ, and there is no indication that it was raised before the BIA, that claim will not be considered by this Court. See 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).